# United States District Court

## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**
V.
**DAVID LADELLE SCOTT**

### ORDER OF DETENTION PENDING TRIAL

Case Number: 1:05-mj-364

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense
  ☒ for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 801 et seq
  ☐ under 18 U.S.C.§924(c).

☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.
☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant has a lengthy criminal record that shows an unfortunate tendency to violate the trust placed in him when he is put on probation. After serving several months in jail in 1993 for attempted delivery of cocaine, defendant was placed on probation for four years. During that period of time he committed two misdemeanors and a felony offense leading to the revocation of his probation. The first violation occurred in 1994 and defendant failed to appear resulting in a bench warrant. The second offense occurred later in 1994 and the third offense at the end of 1995. Defendant picked up some lesser offenses in 1997, 1999, 2001 and 2002, before he was convicted in 2003 of unlawful possession (continued on attachment)

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community if the defendant is released on bond, and I further find by a preponderance of the evidence that no condition or combination of conditions will assure his presence for future court proceedings. This finding is based in the first instance on the unrebutted presumption arising from the charge in this case. While the government has stated it believes the charge has been rebutted because (continued on attachment)

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: December 14, 2005

/s/ Hugh W. Brenneman, Jr.

*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge

*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. David LaDelle Scott
1:05-mj-364
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

> of a weapon by a felon. Again he was placed on probation and within a year and a half had been convicted of two more drug related offenses in Benton Harbor. As a result of the Benton Harbor convictions, defendant was eventually sent to the KPEP Program on September 30, 2005. He absconded from that program less than one-half month later. He was ordered to turn himself in, but did not do so and was apparently arrested on November 1, 2005, resulting in his probation again being revoked. Also on November 1, 2005, defendant was charged in the present case in this court with attempting to distribute 5 grams or more of crack cocaine.
>
> Plaintiff also has a substance abuse history from age 14 to the present.
>
> Defendant took the stand and stated his sincere desire to be with his wife and children over the holidays and stated that he had absconded from KPEP due to his child being ill. He told the court that if released he would reside with his wife and children. Unfortunately his wife is a co-defendant in the present action, which arose from several purchases of crack cocaine from the home where defendant and his wife were residing. At the time of the November 1, 2005 search of the residence when defendant and his wife were arrested, the police found a large quantity of crack cocaine lying in plain view on the top of a living room table in full view of several children in the home. On top of the table the police also found a small amount of marijuana, drug paraphernalia and an electronic scale, as well as money.

**Part II - Written Statement of Reasons for Detention** - (continued)

> of the defendant's family ties, the court does not concur. Having family ties in the area is not necessarily sufficient to rebut the presumption. In this instance, the family is dysfunctional since the mother admitted (according to the affidavit in support of the complaint) that she had been selling crack cocaine out of her residence for two months prior to her November 1, 2005 arrest. Further, both defendant and his wife were found in this home where the drugs were in full view of not only the two adults but several children as well. The court cannot find that this type of family life rebuts the presumption.

United States v. David LaDelle Scott
1:05-mj-364
**ORDER OF DETENTION PENDING TRIAL**
Page 3.

    The court notes that the defendant also lost the parental rights to a 14-year-old daughter from a previous relationship because she was the victim of a child abuse offense committed by the defendant in 1995 (which defendant continues to deny). Obviously there is no family relationship with this child.

    Finally, defendant has a close relationship with his mother and five siblings who reside in the Benton Harbor area, although he has no relationship with his father. Having a mother and 5 siblings in the town, without more, does not rebut the presumption. If it did, it would render the presumption meaningless regarding any defendant in his hometown. The advisory notes to the statute do not support this interpretation.

    Apart from the presumption, the court finds the government has met its burden both as to flight and as to dangerousness to society based on the proofs.

    As to flight, defendant has a failure to appear in 1994 and he absconded from KPEP as recently as September 14, 2005. Moreover, he did not turn himself in as directed following that violation, but remained at large until he was arrested 1 1/2 months later.

    As to the dangerousness consideration, the defendant's track record shows that while he has previously been on probation (a situation like bond which places certain trust in the defendant), he has apparently been convicted of committing five criminal offenses (two misdemeanors and three felonies) as well as the new offenses he is charged with in this court. While defendant maintains he has matured, the record shows that these violations have continued right up to the present day (i.e., November 1, 2005, the date of his latest arrest).